# GUS SPRADLING v. STATE.

No. A-7712. Opinion Filed March 14, 1931.
Rehearing Denied March 28, 1931.
(296 Pac. 1004.)

Wilkinson & Wilkinson, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Stephens county of the crime of the unlawful sale of intoxicating liquor, and his punishment fixed by the jury at a fine of $300 and imprisonment in the county jail for 30 days.

The information charged the defendant with the sale of intoxicating liquor to one Earl Clark, who was called as a witness by the state. Clark testified that he went to the home of defendant about 11:30 at night for the purpose of buying whisky, if defendant had any; that he drove up to the corner of defendant's house, at the dining room door, and got out and went to the screen door and knocked on the door and said, "Hello this is Earl Clark, I want a little bottle, like that"; that he stood outside of the screen door and somebody got up from around in the house and threw a flash-light in his face he supposed to see who it was; that then they turned the light out and went into another room and he stepped inside the screen; that he

knew the defendant and had been there before delivering groceries and got a drink; that in about a minute somebody handed him a bottle and he handed them $2, and when he got out to the car the officer jerked the whisky out of his hand.

The sheriff testified that he saw Clark come out of the house with a bottle in his hand, and took it away from him, and that it contained whisky; that he had a search warrant for the place, and back of the henhouse he found two half-gallon jars of whisky.

The defendant took the stand and denied the sale of whisky; said his wife was up and around the house, and that if she delivered any whisky to Clark he did not know anything about it, but admitted that he had twice pleaded guilty in the federal court to the sale of intoxicating liquor.

While the evidence is wholly circumstantial, it is sufficient to support the verdict of the jury.

For the reason stated, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.